## FEES OF SHERIFFS.

○

[Circuit Court of Scioto County.]

FRED C. KETTER v. THE BOARD OF COMMISSIONERS OF SCIOTO
COUNTY, OHIO.

Decided, March, 1906.

*County Commissioners—Capacity of, to Sue for Recovery of Money
Wrongfully Paid Out of County Treasury—Fees of Sheriffs—For
Conveying Prisoners to Workhouse—For Conveying Insane Patients
to Asylum—And Committing and Discharging Prisoners from Jail
—Statutes Construed—Section 1230b Unconstitutional for Lack of
Uniformity of Operation.*

1. While Section 1230 allows thirty cents for making service and return
on each writ in conveying sentenced prisoners to the workhouse in
Cincinnati, Ohio, there is no provision therein for payment from
the county treasury; but Section 1536-372 (Revised Statutes 2101),
provides for the allowance of such fees, and that the same be paid
out of the county treasury.

2. Section 719 as amended and appearing on page 296 of 97th Vol. of
Ohio Laws, passed April 23, 1904, includes *all* compensation to
which a sheriff is entitled for conveying persons to the asylum at
Athens, Ohio, upon the warrant of a probate judge.

3. Section 1230 allows thirty cents for committing persons to jail and
discharging them therefrom, but it is not available to the officer
for the reason stated in the first clause above.   Section 1230b pro-
vides for such allowance, and that it shall be paid out of the county
treasury, but said section is in conflict with that part of Section
26, Article II of the Constitution which provides that "All laws of
a general nature shall have a uniform operation throughout the
state," and is therefore unconstitutional and void, and the sheriff
has no recourse for such services other than is found in Section
1231, Revised Statutes.

CHERRINGTON, J.; JONES, J., and WALTERS, J., concur.

The suit below was by the Commissioners of Scioto County,
Ohio, to recover from Ketter, who was the duly elected, qualified
and acting sheriff of this county, certain sums he had collected,
viz., fees which were collected and taken from the treasury
of Scioto county, claimed to be without warrant or provision
of law.

The petition contains six causes of action.   Certain arrange-
ments were made as to three of the causes, after the institution

of suit and after disposition of demurrers to them respectively, which are now out of the case, and there are left simply the first, fourth and sixth causes of action.

The defendant demurred to each of the three causes, assigning two grounds:

First.   That plaintiff had no legal capacity to sue.

Second.   That neither of the causes stated facts sufficient to constitute a cause of action.

The court overruled the demurrer to each of these causes and entered up judgment for the commissioners.   Error is prosecuted here, and it is claimed the court erred in overruling the demurrer on each ground stated in the demurrer.

And first, as to whether or not the commissioners have capacity to sue, it is sufficient to say that Section 845 expressly confers authority upon the commissioners to sue in this and like cases.

The next question is, as to whether or not the several causes of action, or either of them, state facts sufficient to constitute a cause of action.

Counsel have argued at length, both orally and on briefs, referring to various sections of the statutes, which it is claimed govern this case, but I will not undertake to follow the line of the argument, because it would be very troublesome to do so— to refer to these various sections of the statutes; and it must be admitted that the statutes of Ohio on this subject are in a confused, and I may say, a somewhat incoherent condition, and I will do little more than briefly refer to the sections which we think control in the case; and it will be well in the beginning to bear in mind that the sheriff and other officers of the county are entitled to just such fees and compensation as are provided by statute, and none other.

Now, the first cause of action was to recover twenty-five cents which the sheriff had charged on each writ for making service and return thereof in conveying sentenced prisoners to the workhouse in Cincinnati, Ohio.

Counsel for the sheriff claim that he is entitled under Section 1230, Revised Statutes, to the amount charged.   Section 1230 provides that he shall have for levying and serving of each writ,

not only twenty-five cents which he has charged, but thirty cents; but when you follow out the section of the statute it will be discovered that there is no provision for payment from the county treasury. So this is not an available section as far as payment is concerned to the officer.

Then the question is, whether there is any other section which provides how the payment shall be made. Section 1536-372 (Revised Statutes, 2101), provides:

"The officer having the execution of the final sentence of any court, magistrate, or mayor, shall cause the convict to be conveyed to the workhouse as soon as practicable after the sentence is pronounced; and all officers shall be paid the fees therefor allowed by law for similar services in other cases, such fees to be paid when the sentence is by the court, out of the county treasury, and when by the magistrate, out of the township treasury."

That seems to be a general statute, and we think it gives ample provision for the payment of not only twenty-five cents which he has charged under Section 1230, but thirty cents.

Section 6801a, which the prosecuting attorney cites as exclusive of and superseding 1230, allows six cents for transporting a prisoner to the workhouse and nothing more. But it will be observed that that section provides for the transportation of such persons where it is done under an agreement between the commissioners of the county where the conviction took place, and where it has no workhouse, and the proper authority in another county where a workhouse is located. And it seems to provide simply for the transportation and nothing further.

"And the sheriff, or other officer transporting any person to such workhouse shall have the following fees therefor," i. e., for transportation six cents per mile, etc. So that is not exclusive. We think, harmonizing and construing Section 1230 and 2101 together, that he is entitled to such service as he has charged, and that the court erred in overruling the demurrer to the first cause of action.

The fourth cause of action is for serving and returning warrants to convey certain persons to the asylum at Athens, Ohio.

We think Section 719 as amended and appearing on page 296 of the 97th Vol. of Ohio Laws, passed April 23, 1904, is

decisive of and conclusive as to that matter. That provides for payment—"to the sheriff, or other person other than assistant for taking an insane person to a state hospital, or removing one therefrom upon a warrant of the probate judge, mileage at the rate of five cents per mile, going and returning, and seventy-five cents per day for support, and mileage at the rate of three cents per mile for the railway transportation of each patient to and from the hospital, and to one assistant five cents per mile each way, and nothing more, for said service, the number of miles to be computed in all cases by the nearest route traveled."

We are satisfied it was the intention of the Legislature that this section should cover all compensation to which the sheriff was entitled, as stated herein, and that it does not include the charge made in the fourth cause of action, and the demurrer thereto, and judgment thereon was proper.

The sixth cause of action are charges for committing persons to jail and discharging them therefrom. The only section we can find bearing upon this subject is the original Section 1230. There were others cited, but we do not think they apply.

Now this Section 1230 allows for such charges, sixty cents, but as in the first cause of action stated, there is no provision as to how it shall be paid. There is no provision that it shall be paid out of the county treasury or otherwise. So that is not available to the sheriff, and we know of no other ·valid section allowing and providing for this matter.

Section 1230b does provide for this allowance and that it shall be paid out of the county treasury, but it will be noticed that it applies to a certain class of counties only, and it is an act attempting to classify counties:

"In all counties which at the last federal census had a population of twenty-two thousand five hundred or more, and for which there is no provision made by law for the payment of the sheriff, he shall receive the following fees and compensation."

The sheriff is allowed in that twenty-five cents for service charged, or allowed at least what he has charged, and it is provided that that shall be paid out of the county treasury. Now, if that was a valid statute, the charge would be a proper one; but we are satisfied that it is unconstitutional and void,

and the sheriff will have no recourse except under Section 1231, which provides that:

"The court of common pleas in each county shall make an allowance of not more than three hundred dollars, per annum, for the sheriff, for services in criminal cases, where the state fails to convict, or the defendants prove insolvent, and for other services not particularly provided for; to be paid out of the county treasury."

So we are compelled to hold that the judgment in the fourth and sixth causes of action was correct, but in the first being wrong, it will require a reversal of the entire judgment, unless counsel should prefer that it be modified and affirmed as modified.

*Frank M. Moulton*, for plaintiff in error.

*Harry W. Miller*, Prosecuting Attorney, for defendant in error.